IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA J. PATTERSON,

    Plaintiff,

vs.                                              No. CIV 04-43 JP/ACT

AMY C. DeLANEY-HERNANDEZ and DeLANEY
& HERNANDEZ, LLC,

    Defendants.

and

AMY C. DeLANEY-HERNANDEZ and DeLANEY
& HERNANDEZ, LLC,

    Counter-Plaintiffs,

vs.

CYNTHIA J. PATTERSON,

    Counter-Defendant.

## MEMORANDUM OPINION AND ORDER

On December 9, 2004, Plaintiff Cynthia J. Patterson filed Plaintiff's Motion for Summary Judgment on Defendants Amy C. DeLaney-Hernandez and DeLaney & Hernandez, LLC's Counterclaim of Defamation (Doc. No. 84). The Counter-Plaintiffs did not file a response opposing Plaintiff's motion for summary judgment within the time permitted by the rules of this Court. D.N.M.LR-Civ. 7.6(a). Consequently, the Counter-Plaintiffs are deemed to have consented to the granting of the motion. D.N.M.LR-Civ. 7.1(b).

The Court has studied the Plaintiff's statement of undisputed facts, which are established because the Counter-Plaintiffs have not come forward with admissible evidence controverting

any of the Plaintiff's undisputed facts.  Moreover, the Plaintiff's statement of undisputed facts is supported by admissible evidence in the nature of deposition testimony, answers to interrogatories, and a transcript of a hearing before the New Mexico Department of Labor as reflected in the exhibits attached to the Plaintiff's motion.

Plaintiff has met her burden under FED. R. CIV. P. 56(c) of showing that there is no genuine issue of material fact and that Plaintiff is entitled to judgment as a matter of law.  As required by *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), Plaintiff has met her burden of showing entitlement to summary judgment by providing admissible evidence demonstrating that there is an absence of evidence to support the Counter-Plaintiffs' claim of defamation.  The burden then shifted to the Counter-Plaintiffs to demonstrate a genuine issue of material fact. *McGarry v. Pitkin Co.,* 175 F.3d 1193, 1201 (10th Cir. 1999).  Counter-Plaintiffs did not meet that burden.

Plaintiff's undisputed facts establish, as a matter of law, that Plaintiff is entitled to absolute immunity from liability for allegedly defamatory statements that Plaintiff made in the course of an administrative hearing.  *Zuniga v. Sears, Roebuck & Co.*, 100 N.M. 414, 417, 671 P.2d 662, cert. denied 100 N.M. 439, 671 P.2d 1150 (Ct. App. 1983).  In addition, by her undisputed facts, Plaintiff has shown that Counter-Plaintiffs do not have evidence to support their claim of defamation under New Mexico law.  First, the Counter-Plaintiffs have not come foward with specific statements that are supposedly defamatory; consequently, the Court cannot evaluate whether defamatory statements were even made.  Second, Plaintiff has shown that Counter-Plaintiffs have no evidence of actual injury to their reputation, which is required by New Mexico law to prove a claim of defamation.  *Fikes v. Furst*, 134 NM 602, 606 (2003).  In addition,

Plaintiff has shown that Counter-Plaintiffs lack evidence of any damages because of the allegedly defamatory statements.

The Court concludes that Plaintiff has met her burden of showing entitlement to judgment as a matter of law on Counter-Plaintiffs' counterclaim of defamation.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion for Summary Judgment on Defendants Amy C. DeLaney-Hernandez and DeLaney & Hernandez, LLC's Counterclaim of Defamation (Doc. No. 84) filed December 29, 2004 is granted; and

2. A separate summary judgment in favor of Plaintiff on the counterclaim will be entered coincident with the entry of this Memorandum Opinion and Order.

_____
SENIOR UNITED STATES DISTRICT JUDGE